UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | No. 2:18-cv-2798 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| SEAN VANDERWENDE, et al., | |
| Defendants. | |

Plaintiff is a Placer County Jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. See ECF Nos. 3, 6. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has also filed a motion for preliminary injunction and a motion for a temporary restraining order. ECF No. 2. The court addresses each filing herein.

I.     IN FORMA PAUPERIS APPLICATION

On October 18, 2018, plaintiff filed a motion to proceed in forma pauperis. ECF No. 3. The motion, however, did not include all of the information required by statute. As a result, on October 24, 2018, plaintiff was directed to submit a statutorily compliant certified copy of his inmate trust account statement. See ECF No. 5.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a) along with a new motion to proceed in forma pauperis. ECF No. 6. Accordingly, the

1

new request to proceed in forma pauperis (ECF No. 6) will be granted. The earlier motion filed October 18, 2018 (ECF No. 3), will be denied as moot.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.     PLAINTIFF'S COMPLAINT

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff attempts to state three claims against four defendants. See ECF No. 1 at 4-20. The handwriting throughout the complaint is extremely difficult to read. The print is too small to be decipherable, and is illegible in many places. In places where the petition is legible, the substantive arguments are difficult to understand. See ECF No. 1, passim.

In addition, the court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity the acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory

////

allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IV. PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR A TEMPORARY RESTRAINING ORDER

A. Applicable Law

1. Preliminary Injunction

When evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Finally, a district court may not issue preliminary injunctive relief without primary jurisdiction over the underlying cause of action. Sires v. State of Washington, 314 F.2d 883, 884

(9th Cir. 1963). Additionally, an injunction against individuals who are not parties to the action is strongly disfavored. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

    2. Temporary Restraining Order

  The legal standards for obtaining a temporary restraining order are essentially identical to those for obtaining a preliminary injunction. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). Plaintiff is informed that "[a] preliminary injunction is an 'extraordinary and drastic remedy,'" that is "never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). "The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits.'" Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir. 1980)); see also 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (2d ed. 2010).

  B. Analysis

  Plaintiff's motions for preliminary injunction and temporary restraining order do not provide a legal or factual basis for the requested relief. Specifically, plaintiff does not clearly identify the actions of defendants that he wishes to enjoin, or the irreparable harm such actions will cause if a preliminary injunction or temporary restraining order is not issued. See generally ECF No. 2. Instead, plaintiff has presented an unintelligible, one-page document that appears to simply regurgitate standard legal terms and phrases and that cites to random state and federal case law. See id. Moreover, for the reasons already explained, the complaint does not enable the court to assess its jurisdiction or to evaluate plaintiff's likelihood of success on the merits. For these reasons, plaintiff's preliminary injunction and temporary restraining order motions (see ECF No. 2) will be denied.

V. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

  Your complaint is being dismissed with leave to amend. This means that you are being permitted to amend your complaint, but if you do not do so, the court will recommend that your complaint be dismissed.

The reason that your complaint needs to be amended is because the court is unable to read what you have written. Also, in places where the court is able to read what you have written, it is unable to understand the thoughts that you are trying to express.

If you decide to amend your complaint, these basic problems must be fixed. In addition, your amended complaint must: (1) clearly state the constitutional grounds for each claim; (2) clearly identify the harm that you have experienced; and (3) clearly identify which defendant did which acts that caused your harm. The statements of fact in the complaint should be short, plain and clear. If they are not, and the court is again unable to determine which claims you are trying to raise, why and on what grounds, the court will recommend that your complaint be dismissed.

Your motions for a preliminary injunction and for a temporary restraining order are also being denied. This is because they do not clearly identify what irreparable harm you are experiencing, nor do they clearly identify which defendants are causing that harm.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis filed November 5, 2018 (ECF No. 6), is GRANTED;

2. Plaintiff's motion to proceed in forma pauperis filed October 18, 2018 (ECF No. 3), is DENIED as moot;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

4. Plaintiff's motion for a preliminary injunction and motion for a temporary restraining order (ECF No. 2) are DENIED;

5. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend, and

6. Plaintiff shall have thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "first amended complaint." Plaintiff must file an original

and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: November 13, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE