UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>Plaintiff,<br><br>v.<br><br>SEAN VANDERWENDE, et al.,<br><br>Defendants. | No. 2:18-cv-2798 TLN AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a county jail inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has filed a first amended complaint ("FAC"), ECF No. 21, and a motion to amend as well as several discovery-related motions and motions for the appointment of counsel. See ECF Nos. 13, 14, 15, 17, 19, 20, 22, 23, 24. For the reasons explained below, the undersigned will recommend that this action be dismissed for failure to state a claim upon which relief may be granted.

I. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.  PLEADING STANDARD

  A.  Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v.

Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

III. FIRST AMENDED COMPLAINT

In the FAC, plaintiff claims that defendants Sean Vanderwende, Landon Cameron and Derek Anganes, all police officers for the City of Roseville, demonstrated "deliberate indifference to due process of law." ECF No. 21 at 3. Plaintiff alleges that while he was incarcerated for two years, he suffered from mental and emotional injury, two of his teeth were knocked out, and he

experienced daily "difficulty and heart burn heart strack." Id. He writes:

> Defendant's Vanderwende and Landon and Anganes Act with delibrate indeferance objectively with intent They booked me to jail. That The condition of the Jail or ordinary incident's in prison life exposed me to an unreasonable risk of serious harm or deprivesed me of a basic human need, and violated The plaintiff's rights and counstituted cruel and unusal punishment under Eighth Amendment of The United States Counstitution.
>
> . . . .
>
> Defendant's Landon and VANDERWENDE, SEAN And Anganes Action Violated the Due process Clause of The plaintiff Khademis right's under The Fourteenth Amendment to the United States Constitution.
>
> . . . .
>
> Plaintiff has not plain, adequate or complete remedy at Law to redress The wrongness described here in. Plaintiff has been and will becoming To be irreparably injured by the conduct of The defendants unless this court grantas the declaratory and injunction relief wich plaintiff seeks.

ECF No. 21 at 4 (verbatim).

The FAC then describes in detail how in April of 2017, plaintiff was assaulted by Elgan Kenneth Ryan ("Ryan") in front of a Rite Aid store, because Ryan thought plaintiff was reporting him to the police for drinking and driving.[1] See generally id. at 5-8. During the course of the fight, plaintiff was stabbed, one of his teeth was knocked out, and another tooth was broken. See id. at 5-7.

Plaintiff alleges that when defendants Vanderwende and Cameron arrived on the scene, they held plaintiff at gunpoint. See id. at 6. He further alleges that Vanderwende searched him before reading his Miranda rights to him. See id. Thereafter, Vanderwende took pictures of the back of plaintiff's right hand, which was bleeding, but he failed to take pictures of plaintiff's arm and of his two broken and/or knocked out teeth. See id. at 6-7. Plaintiff alleges that all three

////

---

[1] Ryan is not named as a defendant. See ECF No. 1 at 1-2. In any event, because he is not a state actor, plaintiff could not bring claims against him in this action. See generally 42 U.S.C. § 1983.

defendants failed to follow one of the witnesses to see whether she removed Ryan's vehicle from the parking lot after the investigation. See id. at 8.

Plaintiff further asserts that Vanderwende failed to call an ambulance and send him to Sutter Roseville Hospital. Instead, Vanderwende waited twenty minutes before he took plaintiff to the hospital. See id. at 7. Plaintiff alleges that Vanderwende shirked his responsibility to file a report with Sutter Medical on plaintiff's behalf. See id. at 8. Plaintiff asserts that Vanderwende "illegally" took him to jail and booked him. See id.

Ryan was arrested, handcuffed and put in defendant Cameron's patrol car. See id. at 7. However, Cameron eventually released Ryan despite the facts that Ryan had admitted his use of force against plaintiff and that there were witnesses. See id. at 7-8. With respect to defendant Anganes, plaintiff states that he failed to interview witnesses at the scene about plaintiff's injuries and how he had received them. See id. at 7.

IV. DISCUSSION

This action must be dismissed for failure state a claim upon which relief may be granted. In the FAC, plaintiff alleges that his rights under the Constitution were violated during defendants' investigation of plaintiff's altercation with Ryan and during plaintiff's subsequent treatment and booking. See ECF No. 21 at 3-4. He states that defendants acted with deliberate indifference when they put him in jail and that as a result, he was "exposed . . . to an unreasonable risk of serious harm or [deprived] of a basic human need." Id. at 4 (brackets added). This, plaintiff contends, constituted cruel and unusual punishment. See id.

The undersigned interprets the claims as challenging the lawfulness of plaintiff's arrest and detention and the simultaneous release of Ryan, his assailant. The undersigned is aware of no federally-protected right of plaintiff's that is implicated by a law enforcement decision whether to arrest another individual. As to plaintiff's arrest, its constitutionality is governed not by the Eighth Amendment's prohibition of cruel and unusual punishment but by the Fourth Amendment's reasonableness standard. A warrantless arrest is reasonable if supported by probable cause. United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007). Plaintiff's conclusory allegation of illegal arrest is insufficient to state a claim. Twombly, 550 U.S. at 555.

Although plaintiff does not state the grounds given for his arrest, he has not stated any facts that demonstrate the arrest lacked probable cause. The fact that the officers were responding to a violent physical altercation supports the contrary inference, and the officers' judgment about whom to arrest is not subject to challenge as unreasonable on the facts presented in the FAC. See Torres v. City of Madera, 648 F.3d 1119, 1123-24 (9th Cir. 2011), cert. denied, 565 U.S. 1114 (2012) (Fourth Amendment reasonableness is evaluated from the perspective of a reasonable officer on the scene, in light of the facts and circumstances confronting them). Plaintiff does not contend that the officers used excessive force against him; his injuries were caused by Ryan. For all these reasons, the FAC does not state a viable Fourth Amendment claim.

To the extent that plaintiff relies on principles of California law, he has not stated a claim. Violations of state or local law may not be remedied under Section 1983 unless they also violate a constitutional or federal statutory right. See Davis v. Scherer, 468 U.S. 183, 192 (1984); see also Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (state's violation of its own laws does not create a cognizable federal claim). Furthermore, state law issues may not be transformed into federal ones by referencing federal statutes or the Constitution. See Easton v. Crossland Mortg. Corp., 114 F.3d 979, 982 (9th Cir. 1997).

As for plaintiff's assertion that his placement in jail resulted in his exposure to "an unreasonable risk of serious harm" and/or the deprivation of "a basic human need" (see ECF No. 21 at 4), plaintiff fails to identify any serious harm to which he was exposed or basic human needs of which he was deprived as a result of his detention, and does not allege that any of the named defendants caused such harm. See generally id. at 3-8. Plaintiff's general statements that he was "suffering from mental emotional injury while stayed incarceration for almost two years" or that his teeth were knocked out while incarcerated, or that he experienced "difficulty and heart burn heart strack" are vague, non-specific and not directly attributable to any of the defendants. As such, they are not cognizable. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

////

To the extent the complaint alleges that defendants were deliberately indifferent to plaintiff's physical injuries at the time of his arrest, the facts fail to support a viable claim. First, plaintiff's allegation that defendants failed to properly document his injuries with photographs does not implicate any constitutional right. The manner in which local authorities conduct investigations or collect and process evidence is not a matter for federal review. See generally Valerio v. Crawford, 306 F.3d 742, 775 (9th Cir. 2002) (stating evidence questions are questions of state law).

Second, a claim of inadequate medical attention by a detainee is based on the Fourteenth Amendment and evaluated under the deliberate indifference standard. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983). A person is liable for denying a prisoner needed medical care only if the person "knows of and disregards an excessive risk to inmate health and safety." Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Plaintiff's allegations fail to support a claim under these standards. The FAC affirmatively alleges that defendant Vanderwende took plaintiff to the hospital, and that this was done within twenty minutes of plaintiff being put in the police vehicle. See ECF No. 21 at 7. Furthermore, plaintiff makes no claim the alleged delay in taking him to the hospital for treatment was intentional on defendants' part, nor does he contend that the twenty-minute delay caused him any specific harm. See generally id. at 3-8; see also Farmer, 511 U.S. at 832 (requiring purposeful act and harm caused by indifference to state cognizable deliberate indifference claim); see also Colwell v. Bannister, 763 F.3d 1060, 1081 (9th Cir. 2014) (deliberate indifference does not include mere delay in treatment unless denial was harmful). Even if the brief delay in taking plaintiff to the hospital constituted negligence, it would not be actionable under Section 1983. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.").

In light of the above, it is clear that the FAC fails to state any claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has already been provided one opportunity to amend his complaint, and the detailed factual allegations have not changed. Compare ECF Nos. 1, 21. Because these facts are insufficient to establish any constitutional

violation for the reasons stated above, the undersigned concludes that further leave to amend would be futile. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (leave to amend may be denied when amendment would be futile); Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (leave to amend properly denied as futile where facts failed to establish a constitutional violation as a matter of law). Accordingly, it will be recommended that this action be dismissed.

V. OUTSTANDING MOTIONS

Should the District Court Judge assigned to this action adopt the undersigned's findings and recommendations to dismiss this matter for failure to state a claim upon which relief may be granted, plaintiff's outstanding motions will become moot. Therefore, the undersigned further recommends that in the event these findings and recommendations are adopted, plaintiff's outstanding motions should be denied as moot as well.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint (ECF No. 21) be DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii), and

2. Plaintiff's outstanding motions (see ECF Nos. 13, 14, 15, 17, 19, 20, 22, 23, 24) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 20, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE